UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHEN A. MAYBANK,

    *Plaintiff*,

v.

ROBERT M. SPEER,[1] Acting Secretary of the Army,

    *Defendant*.

Civil Action No. 16-1681 (RDM)

## MEMORANDUM OPINION

Plaintiff Stephen A. Maybank, a logistics management specialist with the United States Army Corps of Engineers, brings this action against the United States Army under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Maybank alleges that the Army retaliated against him for his prior complaint of race discrimination by denying him a promotion. *See* Dkt. 7. In addition, Maybank requests that the Court enter "default summary judgment" in his favor and award sanctions against the Army for its alleged failure to comply with regulations governing how it was to process the Equal Employment Opportunity ("EEO") complaint Maybank filed after he was passed over for the promotion. *See id.* at 18–20. The Army, in turn, moves to dismiss Maybank's complaint for failure to exhaust administrative remedies. Dkt. 10. It contends that, after Maybank requested a hearing before the Equal Employment Opportunity Commission ("EEOC"), he was required to wait 180 days before filing a suit in federal court—a

---

[1] The current officeholder is automatically substituted as the defendant. *See* Fed. R. Civ. P. 25(d).

starting gun he jumped by initiating this action at least a month before that period elapsed. *Id.* at 8–10.

Because the Court concludes that Maybank failed to wait the statutorily mandated 180 days between requesting a hearing before the EEOC and filing suit, the Court will dismiss Maybank's amended complaint without prejudice and will deny his motion for "default summary judgment" and sanctions as moot.

## I. BACKGROUND

For purposes of the pending motion to dismiss, the Court will assume the truth of the following facts, which are taken from Maybank's amended complaint and the documents attached to his initial complaint.[2] *See Dentons US LLP v. Republic of Guinea*, 208 F. Supp. 3d 330, 334 (D.D.C. 2016) (citing *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011)); *see also Nichols v. Vilsack*, No. 13-cv-1502, 2015 WL 9581799, at *1 (D.D.C. Dec. 30, 2015) (explaining that in "adjudicating a motion to dismiss for failure to state a claim, a court may consider, along with the facts alleged in the complaint, 'any documents either attached to or incorporated in the complaint and matters' subject to 'judicial notice'" (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997))).

On November 6, 2014, Maybank filed an EEO complaint with the Department of the Army for "race discrimination in regards to the selection process for a GS-14 position." Dkt. 7 at 6. Maybank and the Army settled Maybank's administrative claim the next month, and, as

---

[2] Maybank attached a number of exhibits to the initial complaint he filed on August 17, 2016, *see* Dkt. 1, but did not attach those same exhibits to the amended complaint he filed on September 12, 2016, *see* Dkt. 7. Maybank's amended complaint, however, repeatedly cites the exhibits, *see, e.g.*, Dkt. 7 at 4–5, and because *pro se* pleadings should be "liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court will consider the exhibits to the extent they are relevant to the pending motions.

2

part of the settlement, the Army "agreed to provide [Maybank] with a desk audit to assess whether or not his accreted duties qualified him for promotion to the GS-14 grade level."[3] *Id.* at 7; *see also* Dkt. 1-9 at 233–37 (settlement agreement). After conducting the audit in early 2015, the Army concluded that the duties Maybank was performing were "within the parameters of [his GS-13] approved project plan," Dkt. 1-9 at 7, and, on that basis, it denied him a promotion to the GS-14 level. In response, Maybank filed a second EEO complaint, Dkt. 1-8 at 20–22, this time alleging that the Army "discriminated against [him] based on his prior EEO activity" by failing to "conduct the audit in a fair or unbiased manner," Dkt. 7 at 6–7. The Army's EEO office "accepted [Maybank's] complaint" for investigation on September 8, 2015, *id.* at 4, but it did not provide Maybank with a copy of its investigative file within 180 days as required by the governing EEO regulations, *see* 29 C.F.R. § 1614.106(e)(2) ("The agency is required to conduct an impartial and appropriate investigation of the complaint within 180 days of the filing of the complaint[.]"); *id.* § 1614.108(f) ("Within 180 days from the filing of the [EEO] complaint, . . . the agency shall provide the complainant with a copy of the investigative file.").

On March 22, 2016, Maybank sent a letter to the Army's EEO office notifying it that the "180 day deadline to complete the investigation into [his] EEO [c]omplaint [had] expired on or around December 10, 2015;" "request[ing] an EEOC hearing to address his EEO [c]omplaint;" and seeking entry of "a default judgment against [Defendant]." Dkt. 1-4 at 3–4. A month later, the Army "provided a copy of the investigative file" to Maybank and advised him that he had 30 calendar days to "request either a hearing before an [EEOC] administrative judge or a final Army

---

[3] "A desk audit is a process by which an employee may request [his] work to be reviewed. If, in the eyes of the reviewers, that work is at a higher level than that at which the employee is currently graded, the employee will be promoted to the level that is reflected by [his] performance." *Rand v. Sec'y of the Treasury*, 816 F. Supp. 2d 70, 72 n.1 (D.D.C. 2011) (alteration and citations omitted).

3

decision based on th[e] record" provided. Dkt. 1-5 at 3. Maybank chose the former path, and, on May 11, 2016, he timely "resubmit[ted] his request for an EEOC hearing." Dkt. 1-4 at 7. On August 17, 2016—98 days from his May 11, 2016, EEOC hearing request and 148 days from his March 22, 2016, EEOC hearing request—Maybank filed the present action. Dkt. 1. The Court granted Maybank leave to file an amended complaint on September 12, 2016, *see* Minute Order, Sept. 12, 2016, and his amended complaint was docketed that same day, Dkt. 7.

## II. ANALYSIS

Under 42 U.S.C. § 2000e-16(c), a federal employee "may file a civil action" "after [180] days from the filing" of a request for a hearing before the EEOC. Here, the Army asserts that because Maybank waited, at most, 148 days before filing suit, he failed to exhaust his administrative remedies before filing suit, and the Court should dismiss the action as premature. As explained below, the Court agrees.

"Title VII permits an aggrieved federal employee to file a civil action in the district court 180 days after the filing of a charge with the EEOC, when the EEOC has taken no final action." *Murthy v. Vilsack*, 609 F.3d 460, 464 (D.C. Cir. 2010). As the D.C. Circuit has explained, the "180-day waiting period in section 2000e-16(c) . . . is part of Title VII's 'careful blend of administrative and judicial enforcement powers,'" *id.* at 465 (quoting *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976)); it reflects Congress's decision to "allow a period for the EEOC to investigate and attempt to resolve charges through conciliation," *id.* at 465. The waiting period is a "mandatory" requirement, and a Title VII plaintiff cannot "avoid the consequences" of a prematurely filed civil complaint or "cure his failure to exhaust" by simply "filing . . . an amended complaint after the 180-day period [has] expired." *Id.* Rather, when faced with a prematurely filed complaint, the "district court [must] dismiss the complaint without

4

prejudice," and the prospective plaintiff may then re-file his complaint once the 180-day period has elapsed.[4]  *Id.* at 464–65 (citing *Martini v. Fed. Nat'l Mortg. Ass'n*, 178 F.3d 1336, 1348 (D.C. Cir. 1999)).  As Maybank candidly acknowledged at oral argument, he filed this action before the 180-day waiting period had run, and, accordingly, the Court must dismiss the action for failure to exhaust administrative remedies.  Counting from the earlier of his two requests for an EEOC hearing—the letter sent on March 22, 2016—only 148 days passed before he filed suit in this Court on August 17, 2016.

Although conceding that he filed suit before the 180-day waiting period expired, Maybank contends that the Army should be estopped from raising a timeliness defense because it, too, failed to comply with the regulatory deadlines—in the case of the Army, it failed to complete its administrative investigation within 180 days as required by 29 C.F.R. §§ 1614.106(e)(2), and 1614.108(f).  The Court understands the incongruity of the circumstances Maybank confronts, but neither Title VII nor any judicial precedent cited by Maybank or located by the Court permits the Court to ignore a plaintiff's failure to comply with the 180-day waiting period merely because the defendant agency failed to comply with an entirely separate regulatory requirement.  Nor can Maybank show that his failure to comply with the 180-day waiting requirement was related in any way to the Army's failure to complete its investigation within 180 days.  To the contrary, the Army's delay in producing the investigative report would have, if anything, delayed Maybank from filing suit in this Court, and, in any event, the Army made the report available to Maybank in April 2016, before Maybank filed his second request for an EEOC hearing and well before he commenced this action.

---

[4]  A Title VII plaintiff must also comply with Section 2000e-16(c)'s requirement that he file a "civil action" within "90 days of receipt of notice of final action" from the EEOC.

"Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge," *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam)), and, similarly, an agency's "alleged failure to follow the EEOC regulations regarding the administrative processing of [a] claim is not actionable," *Nichols*, 2015 WL 9581799, at *13. The logic of this rule is straightforward: Congress and the EEOC carefully crafted the procedures and remedies applicable under Title VII, and it is not the role of the courts to strike a different balance. *See Smith*, 119 F.3d at 34 (explaining that the ability to "bring a Title VII action directly against his or her employer . . . serve[s] as [a complainant's] remedy for any improper handling of a discrimination charge by the EEOC"). The same logic extends to the present circumstances. The EEOC created the controlling remedy for an agency's failure to complete its investigation within 180 days: The complainant may either (1) request a hearing on his complaint before the EEOC without waiting any longer for the agency to complete its investigation, 29 C.F.R. § 1614.108(h), or (2) file a civil action in federal court, *id.* § 1614.407(b). Here, Maybank elected to seek a hearing before the EEOC, *see* Dkt. 1-4 at 7, and, as a result, he was required to provide the EEOC with 180 days to act on his complaint before bringing suit. It is not for the Court to fashion a further remedy for the Army's failure to complete its investigation within 180 days by permitting Maybank to bring an otherwise premature civil action.

**CONCLUSION**

For these reasons, the Court will **GRANT** without prejudice the Army's motion to dismiss the pending action for failure to exhaust administrative remedies. Because the Court will dismiss the action, the Court will **DENY** Maybank's motion for "default summary judgment" and sanctions as moot.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: May 3, 2017